UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES BURRESS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| TRANS UNION, LLC, | ) |
| | ) |
| BARCLAYS BANK DELAWARE, | ) |
| | ) |
| DELTA COMMUNITY CREDIT | ) |
| UNION, | ) |
| | |
| DEPARTMENT STORES NATIONAL | |
| BANK | |
| | |
| Defendant(s). | |

_____

## COMPLAINT

Plaintiff James Burress ("Plaintiff" or "Burress") by and through his

attorneys, and for his Complaint against Defendant Equifax Information Services,

LLC ("Equifax"), Defendant Trans Union, LLC ("Trans Union"), Defendant

Barclays Bank Delaware ("Barclays"), Defendant Delta Community Credit Union

("Delta), and Defendant Department Stores National Bank ("DSNB") respectfully

sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*  The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, residing in the County of Fulton.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a

Georgia corporation and may be served with process upon Lisa Stockard, its registered agent for service of process, at 1550 Peachtree Street NW, Atlanta, GA 30309.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Georgia, and may be served with process upon Prentice-Hall Corporation System, its registered agent for service of process at 40 Technology Pkwy South, #300, Norcross, GA, 30092.

9. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

10. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Barclays Bank Delaware is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service at 125 S. West Street, Wilmington, DE, 19801.

12. Defendant Delta Community Credit Union is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2. Defendant Delta is a Georgia corporation and may be served with process upon Bob Manning, its registered agent for service of process, at 3250 Riverwood Parkway Atlanta, GA 30339.

13. Defendant Department Stores National Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service at 701 E 60th street, Sioux Falls, SD 57104.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Barclays Bank Dispute and Violation

15. On information and belief, on a date better known to Defendants Transunion and Equifax hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating a Barclays Bank account (account: 00023025573***).

16. The inaccurate information furnished by Defendant Barclays and published by the Bureaus is inaccurate because, although it has been charged off and no longer an active account, the tradeline still lists a balance for the past due line.

17. This past due balance reflects the amount that if paid would make the account current, when in reality even if paid in full the account can never become current again.

18. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting on or around April 27, 2020, specifically explaining in a letter that he was disputing the inaccurately listed past due balance amount.

20. It is believed and therefore averred that the Bureaus notified Defendant Barclays of the Plaintiff's dispute.

21. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Barclays failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

22. Had Barclays done a proper investigation it would have been revealed to Barclays that the account was charged off and should no longer carry a past due balance, rather just a total balance or charged off balance.

23. Furthermore, Defendant Barclays failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

24. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

25. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

26. Furthermore, The Bureaus failed to send the Plaintiff a formal reply to his dispute, as required under the law.

27. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

28. As of the date of the filing of this Complaint, Defendant Barclays continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

29. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

<u>Delta Community Dispute and Violation</u>

30. On information and belief, on a date better known to the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to Plaintiff's Delta account (account #115687255****).

31. The inaccurate information furnished by Defendant Delta and published by the Bureaus is inaccurate since although it has been charged off and no longer an active account, the tradeline still lists a balance for the past due line.

32. This past due balance reflects the amount that if paid would make the account current, when in reality even if paid in full the account can never become current again.

33. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

34. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting on or around April 27, 2020, specifically explaining in a letter that he was disputing the inaccurately listed past due balance amount.

35. It is believed and therefore averred that the Bureaus notified Defendant Delta of the Plaintiff's dispute.

36. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Delta failed to conduct a reasonable investigation and continued to report

false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

37. Had Delta done a proper investigation it would have been revealed to Delta that the account was charged off and should no longer carry a past due balance, rather just a total balance or charged off balance.

38. Furthermore, Defendant Delta failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

39. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

40. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

41. Furthermore, The Bureaus failed to send the Plaintiff a formal reply to his dispute, as required under the law.

42. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

43. As of the date of the filing of this Complaint, Defendant Delta continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

44. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

<u>Department Stores National Bank Dispute and Violation</u>

45. On information and belief, on a date better known to the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to Plaintiff's DSNB/Bloomingdales account (account #603534221230****).

46. The inaccurate information furnished by Defendant DSNB and published by the Bureaus is inaccurate since although it has been charged off and no

longer an active account, the tradeline still lists a balance for the past due line.

47. This past due balance reflects the amount that if paid would make the account current, when in reality even if paid in full the account can never become current again.

48. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

49. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting on or around April 27, 2020, specifically explaining in a letter that he was disputing the inaccurately listed past due balance amount.

50. It is believed and therefore averred that the Bureaus notified Defendant DSNB of the Plaintiff's dispute.

51. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, DSNB failed to conduct a reasonable investigation and continued to report

false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

52. Had DSNB done a proper investigation it would have been revealed to DSNB that the account was charged off and should no longer carry a past due balance, rather just a total balance or charged off balance.

53. Furthermore, Defendant DSNB failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

54. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

55. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

56. Furthermore, The Bureaus failed to send the Plaintiff a formal reply to his dispute, as required under the law.

57. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

58. As of the date of the filing of this Complaint, Defendant DSNB continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

59. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

## **FIRST CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Equifax)**

60. Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

62. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

63. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

64. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

66. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

67. Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

69. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

70. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

71. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Trans Union)

74. Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

76. Trans Union violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

77. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

78. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

79. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Buress, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

81. Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

82. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

83. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

84. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

85. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

86. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, James Buress, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Barclays)

88. Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

89. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

90. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies

when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

91. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

92. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

93. The Defendant Barclays violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

94. Specifically, the Defendant Barclays continued to report this account on the Plaintiff's credit report without any change, after being notified of his dispute regarding the past due balance.

95. Additionally, Defendant Barclays failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

96. As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

97. The conduct, action and inaction of Defendant Barclays was willful, rendering Defendant Barclays liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

98. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant Barclays for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Barclays)

99. Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

100. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

101. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

102. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

103. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named

Defendant must report the results to other agencies which were supplied such information.

104. Defendant Barclays is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

105. After receiving the Dispute Notices from Experian and Transunion, Defendant Barclays negligently failed to conduct its reinvestigation in good faith.

106. A reasonable investigation would require a furnisher such as Defendant Barclays to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

107. Had Defendant Barclays done a reasonable investigation it would have found that the past due balance was improper.

108. Additionally, Defendant Barclays failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

109. The conduct, action and inaction of Defendant Barclays was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

110.    As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

111.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant Barclays, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Delta)

112.    Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

113.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

114.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies

28

when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

115.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

116.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

117.     The Defendant Delta violated 15 U.S.C. § 1681s-2 by the furnishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

118.     Specifically, the Defendant Delta continued to report this account on the Plaintiff's credit report without change, after being notified of his dispute regarding the past due balance.

119.     Additionally, Defendant Delta failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

120.     As a result of the conduct, action and inaction of the Defendant Delta, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

121.     The conduct, action and inaction of Defendant Delta was willful, rendering Defendant Delta liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

122.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Delta in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant Delta for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Defendant Delta)**

123.     Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

124.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

125.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

126.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

127.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named

Defendant must report the results to other agencies which were supplied such information.

128.     Defendant Delta is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

129.     After receiving the Dispute Notices from the Credit Bureaus, Defendant Delta negligently failed to conduct its reinvestigation in good faith.

130.     A reasonable investigation would require a furnisher such as Defendant Delta to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

131.     Had Defendant Delta done a reasonable investigation it would have found that the past due balance listed was not proper.

132.     Additionally, Defendant Delta failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

133.     The conduct, action and inaction of Defendant Delta was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

134.     As a result of the conduct, action and inaction of the Defendant Delta, the Plaintiff suffered damage for the loss of credit, loss of the ability to

purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

135.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Delta in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant Delta, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant DSNB)

136.    Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

137.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

138.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

33

139.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

140.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

141.    The Defendant DSNB violated 15 U.S.C. § 1681s-2 by the furnishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

142.    Specifically, the Defendant DSNB continued to report this account on the Plaintiff's credit report without change, after being notified of his dispute regarding the past due balance.

143.    Additionally, Defendant DSNB failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

144.    As a result of the conduct, action and inaction of the Defendant DSNB the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

145.    The conduct, action and inaction of Defendant DSNB was willful, rendering Defendant DSNB liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

146.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant DSNB in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant DSNB for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## <u>TENTH CAUSE OF ACTION</u>

### (Negligent Violation of the FCRA as to Defendant DSNB)

147.     Plaintiff incorporates by reference paragraphs 1-59 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

148.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

149.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

150.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

151.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

152.    Defendant DSNB is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

153.    After receiving the Dispute Notices from the Credit Bureaus, Defendant DSNB negligently failed to conduct its reinvestigation in good faith.

154.    A reasonable investigation would require a furnisher such as Defendant DSNB to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

155.    Had Defendant DSNB done a reasonable investigation it would have found that the past due balance listed was not proper.

156.    Additionally, Defendant DSNB failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

157.    The conduct, action and inaction of Defendant DSNB was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

158.    As a result of the conduct, action and inaction of the Defendant DSNB, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

159.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant DSNB in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant Delta, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

160.   Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

a.  For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b.  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c.  For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d.  For statutory damages provided and pursuant to 15 U.S.C. §

1640(a)(2);

e.  For Punitive damages provided and pursuant to 15 U.S.C. §

1681n(a)(2);

f.  For attorney fees and costs provided and pursuant to 15 U.S.C. §

1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g.  For any such other and further relief, as well as further costs, expenses

and disbursements of this action as this Court may deem just and

proper.

Dated:          August 28, 2020                    Respectfully Submitted,

*s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com

*s/ Nakicha Joseph*
Nakicha Joseph, Esq.
**Stein Saks, PLLC**
NJB#: 296572020
285 Passaic Street
Hackensack, NJ, 07601
Phone: (201)-282-6500
Fax: (201)-282-6501
njoseph@steinsakslegal.com

*Pro Hac Vice Pending*

*Attorneys for Plaintiff*